**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HUMBERTO PALANECIA-VACA,

    Petitioner,

v.                                              CASE NO. 8:07-CR-30-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

BEFORE the Court is Petitioner's Motion for Documentation Pursuant to 28 U.S.C. § 2255 (Dkt. 104) in which he states that he is preparing a 28 U.S.C. § 2255 motion, and he requests copies of "all transcripts from the Court and a copy of the plea agreement signed by the defendant" to help him prepare the § 2255 motion.

Defendant entered a guilty plea to the charge of conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Dkt. 55) pursuant to a written plea agreement (Dkt. 35). He was sentenced to serve a 135-month term of imprisonment followed by a 5 year term of supervised release (Dkt. 87). One of the consequences of Petitioner's plea agreement is his waiver of the right to appeal his sentence,

> or to challenge it *collaterally* on any ground, including the ground that the court erred in determining the applicable guidelines range pursuant to the

>United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Dkt. 35 at 10) (emphasis added).

A federal prisoner seeking to collaterally attack his/her conviction is not automatically entitled to free transcripts. *United States v. MacCollom*, 426 U.S. 317, 325-26 (1976). Pursuant to 28 U.S.C. § 753(f), which governs the furnishing of transcripts requested by parties and the collection of fees associated therewith:

>Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons allowed to sue, defend, or appeal *in forma pauperis* shall be paid by the United States out of moneys appropriated for those purposes if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). In *MacCollom*, the Supreme Court upheld the constitutionality of Section 753. The Court concluded that the right of a petitioner to equal access to procedures for review of his/her conviction was satisfied where the petitioner was afforded a free transcript upon a showing of a *particularized* need. *MacCollom*, 426 U.S. at 326. Even where a prisoner is willing to pay for copies, "a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding." *Hansen v.*

*United States*, 956 F.2d 245, 248 (11th Cir. 1992) (access to audiotape of the trial to compare to the trial transcript).

In the instant matter, Defendant does not have a motion pending under section 2255 nor has he alleged facts sufficient to show that the transcripts or plea agreement he seeks are necessary to his preparation of a section 2255 motion. As such, at this time the Court cannot grant Defendant's request for transcripts. If Defendant needs the transcripts to prepare a § 2255 motion, he must provide the Court with a detailed indication of the issues to be raised in his motion and demonstrate to the Court that preparation of the motion necessitates the requested transcripts.[1] Furthermore, to receive free transcripts, Defendant must establish that he qualifies to proceed under 18 U.S.C. § 3006A by completing and returning the attached **Forms CJA23 (Financial Affidavit)** and **CJA24 (Authorization and Voucher for Payment of Transcript)**.

Moreover, Petitioner was represented by counsel during the criminal proceedings. Accordingly, Petitioner should contact counsel and request a copy of the documents he seeks from the case file.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion for Documentation Pursuant to 28 U.S.C. § 2255 (Dkt. 104) is **DENIED**. The **Clerk** is directed to forward **CJA**

---

[1] Given the express waiver in the plea agreement, since the Government did not file an appeal and the Court, in sentencing Defendant, did not sentence him above the statutory maximum, or sentence him in violation of the law apart from the sentencing guidelines, Defendant has waived his right to challenge his conviction in a § 2255 motion. *See Williams v. United States*, 396 F.2d 1340, 1342 (11th Cir. 2005) (enforcing petitioner's sentence appeal waiver in a § 2255 proceeding); *United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994) (court will enforce waivers of appeal if made knowingly and voluntarily).

**Forms 23 and 24** to Petitioner for submission for the Court's consideration should he again seek leave to proceed in this matter without payment of fees and costs.

**DONE** and **ORDERED** in Tampa, Florida on May 8, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to:
Petitioner *pro se*/Counsel of Record