**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CASE NO. 8:07-CR-30-T-30EAJ

HUMBERTO PALANECIA-VACA,

Defendant.
_________________________________/

**ORDER**

THIS CAUSE came on for consideration upon the Report and Recommendation ("R&R") submitted by Magistrate Judge Elizabeth A. Jenkins (Dkt. 136) and the Objections (Dkt. 137) filed thereto. The R&R recommends denying Defendant's Motion for Leave to Appeal In Forma Pauperis (Dkt. 133), and dismissing Defendant's direct appeal (Dkt. 132) as untimely. The R&R also appears to liberally construe Defendant's direct appeal (Dkt. 132) as a motion to vacate pursuant to 28 U.S.C. § 2255 (Dkt. 136 at p.1). After careful consideration of the R&R of the Magistrate Judge and the Objections, in conjunction with an independent examination of the file, the Court is of the opinion that the R&R should be adopted in-part, and rejected in-part as discussed below.

**Background**

On March 14, 2007, this Court accepted Defendant's plea of guilty to the charge of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard

a vessel subject to the jurisdiction of the United States (Dkt. 55).[1] On July 19, 2007, this Court sentenced Defendant to 135 months imprisonment followed by 5 years supervised release (Dkt. 85). Judgment was entered on July 20, 2007 (Dkt. 87).

On May 17, 2010, Defendant constructively filed his "Notice to File Out of Time a Direct Appeal Pursuant [sic] 28 U.S.C. Section [sic] § 1291 to a Rule 35(b)" ("motion") (Dkt. 132). In his motion, it appears Defendant requests: 1) an extension of time to file a notice of appeal of the July 20, 2007 judgment; 2) a reduction of his sentence, based on substantial assistance to the government, pursuant to Fed. R. Crim. P., Rule 35(b), or an order compelling the government to file a motion to reduce sentence under Rule 35(b); and 3) a reduction of his sentence because: a) the Government violated the conditions of the plea agreement; b) a disparity exists between his and his co-defendants' sentences; and c) of ineffective assistance of counsel in failing to file a direct appeal after Defendant requested counsel do so.

## Analysis

**Motion for Extension of Time to File Notice of Appeal**

To the extent the motion (Dkt. 132) requests an extension of time to file a notice of appeal of the July 20, 2007 judgment, and to the extent Defendant requests leave to appeal *in forma pauperis* (see Dkt. 133), the R&R should be adopted, confirmed, and approved in all respects.

---

[1]Petitioner pled guilty pursuant to a plea agreement with the Government (Dkt. 35).

**28 U.S.C. § 2255**

To the extent the R&R construes "Defendant's appeal as brought pursuant to 28 U.S.C. § 2255" (see Dkt. 136 at p. 1), the R&R should be rejected. In *Lee v. AG of the United States*, 2010 U.S. App. LEXIS 11830 (11th Cir. June 10, 2010) (unpublished opinion), the Eleventh Circuit stated:

> Under *Castro*, when a district court construes a pro se pleading as a first section 2255 motion, it must:
>
>> notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [section] 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [section] 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a [section] 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Id*. at *2-3 (quoting *Castro v. United States*, 124 S.Ct. 786, 792 (2003)).

28 U.S.C. § 2255 affords the exclusive remedy for challenging a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The claims Defendant seeks to advance, violation of the plea agreement, disparity between his and is co-defendants' sentences, and ineffective assistance of counsel, may properly be presented only in a 28 U.S.C. § 2255 motion.

Thus, in compliance with *Castro*, the Court hereby advises Defendant of its intention to recharacterize his motion (Dkt. 132) as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court cautions Defendant that such recharacterization

renders this motion and any subsequent § 2255 motion filed with this Court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Defendant is cautioned that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.

**Rule 35(b) Motion**

Finally, to the extent Defendant moves for a reduction of sentence pursuant to Fed.R.Crim.P., Rule 35(b), based on his substantial assistance, the motion must be denied. Rule 35(b) allows a post-sentencing reduction in sentence, based on the defendant's substantial assistance, "[u]pon the government's motion." The government has filed no such motion.

However, to the extent Defendant's motion seeks an order compelling the government to file a motion to reduce sentence under Rule 35(b), "the government cannot...fail to exercise that power[]for an unconstitutional motive." *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000).

Accordingly, the Court **ORDERS** that:

1. The Report and Recommendation (Dkt. 136) of the Magistrate Judge is adopted, confirmed, and approved in-part, and rejected in-part as discussed above.

2. Defendant's motion for leave to appeal *in forma pauperis* (Dkt. 133) is **DENIED**.

3. To the extent Defendant's motion (Dkt. 132) is construed as a motion for extension of time to file a notice of appeal of the July 20, 2007 judgment, the motion is **DENIED**. Defendant's direct appeal is **DISMISSED** as untimely.

4. To the extent Defendant's motion (Dkt. 132) is construed as a motion to reduce sentence pursuant to Fed.R.Crim.P., Rule 35(b) based on substantial assistance, the motion is **DENIED**.

5. To the extent Defendant's motion (Dkt. 132) is construed as a motion seeking an order compelling the government to file a motion to reduce sentence under Fed.R.Crim.P., Rule 35(b), the **government** shall show cause, on or before **August 30, 2010**, why the motion should not be granted.

6. On or before **August 30, 2010**, Defendant shall advise this Court whether he seeks to do one of the following:

a. Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his motion (Dkt. 132);

b. Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

c. Withdraw his motion.

Defendant is cautioned that if he fails to file a timely response in compliance with this order, which requires that he advise the Court that he wishes to do one of the above, this

cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (Dkt. 132).

7. If Defendant elects to have the Court consider the motion (Dkt. 132) as a motion to vacate pursuant to 28 U.S.C. § 2255, he shall show cause, on or before **August 30, 2010**, why his motion should not be dismissed as untimely.

**DONE** and **ORDERED** in Tampa, Florida on August 10, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Defendant/Counsel of Record