# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HUMBERTO PALENCIA-VACA,

    Petitioner,

v.                                      CASE NO. 8:10-CV-1884-T-30EAJ
                                              CRIM. CASE NO. 8:07-CR-30-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (hereinafter "§ 2255 motion") challenging his 2007 plea-based conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (CV Dkt. 1). Upon consideration, the Court concludes that Petitioner's § 2255 motion is time-barred, and Petitioner has not alleged a basis for equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted . . . to consider, sua sponte, the timeliness of a . . . habeas petition").[1]

## Background

On March 14, 2007, this Court accepted Petitioner's plea of guilty to Count One of the Indictment (CR Dkt. 55). On July 20, 2007, judgment was entered, and this Court

---

[1] Petitioner was instructed to show cause why his § 2255 motion should not be dismissed as untimely (CR Dkt. 144 at p. 6).

sentenced Petitioner to 135 months imprisonment, and 5 years supervised release (CR Dkt. 87). Petitioner did not file a direct appeal.

## Timeliness Analysis

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for filing motions under 28 U.S.C. § 2255, to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (April 24, 1996).

For final judgments entered after the April 24, 1996, effective date of the AEDPA, the statute of limitations begins to run on the date the district court's judgment of conviction becomes final. Because Petitioner did not file a direct appeal, his judgment of conviction became final on August 3, 2007, ten business days after the date the judgment was entered in this case. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when a defendant does not pursue direct appeal, a conviction becomes final when the time for filing a direct appeal expires). After the judgment became final, Petitioner had one year to file his § 2255 motion. *Id*. at 1340. The present § 2255 motion clearly was not filed within one year

after the judgment was final. Accordingly, Petitioner's § 2255 motion is untimely.

**Equitable Tolling**

The § 2255 motion is time-barred and subject to dismissal unless Petitioner can show that he was prevented from filing a timely § 2255 motion because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (Equitable tolling appropriate when movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.). The burden of establishing entitlement to this extraordinary remedy plainly rests with the Petitioner. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied*, 537 U.S. 1237 (2003). Here, Petitioner does not allege or demonstrate that he is entitled to equitable tolling. Thus, his § 2255 motion is time-barred.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's § 2255 motion to vacate (CV Dkt. 1) is **DISMISSED** as time-barred.

2. The Clerk is directed to terminate any pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court

must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on September 7, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*